IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| CHARLENA MONTGOMERY, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-10-1931 |
| HOUSING AUTHORITY OF BALTIMORE CITY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Charlena Montgomery sued the Housing Authority of Baltimore City ("HABC") and its executive director, Paul T. Graziano, for declaratory and injunctive relief and moved for a temporary restraining order ("TRO"). The Complaint and TRO request that the Defendants be required to permit Montgomery to record--by court reporter or audio device--a hearing on the termination of her "Section 8" low-income housing subsidy. For the following reasons, Montgomery's motion for a temporary restraining order will be denied.

I.  Background

On June 16, 2010, the Defendants notified Montgomery that her participation in Baltimore's Housing Choice Voucher Program (commonly known as the "Section 8 program") would be terminated on July 17, 2010.  Mot. for TRO, Ex. 2 [hereinafter "Termination Letter"].  The Program provides vouchers to low-income families to help pay for housing.  *Id.*, Ex. 7.  The Program is administered by the Department of Housing and Urban Development ("HUD") and through local Public Housing Agencies ("PHAs") like the Housing Authority of Baltimore City.  *See id.*  The housing vouchers provided by the Program are not "entitlement benefits"; because of funding limitations, only one in four households that are eligible for vouchers receives them.  *Id.*  Many areas have long waiting lists for the vouchers.  *Id.*

HUD requires a PHA to adopt an "administrative plan that establishes local policies for the administration of the program in accordance with HUD requirements."  24 C.F.R. § 982.54.  HUD requires "[i]nformal hearings" when the PHA terminates "assistance for a participant's family because of the family's action or failure to act."  *Id.* § 982.55(13).  Because the Defendants terminated Montgomery's voucher after several landlords reported damage to her housing, Montgomery is entitled

2

to an "informal hearing" under § 982.55(13) and the HABC's Administrative Plan.

HUD has procedures that must be followed at the informal hearing, see id. § 982.555(c)-(e); there are similar procedures in the HABC plan, see Opp., Ex. 2 [hereinafter "Plan"].  The requirements include:

>     (1) Prompt written notice of the reasons for the termination, and the right to a hearing;
>     (2) An opportunity for discovery of relevant documents;
>     (3) The right to counsel or another representative at the hearing;
>     (4) The opportunity to present evidence and question witnesses; and
>     (5) A written decision following the hearing.

See 24 C.F.R. § 982.555(e); Plan, Ch. 18.  Under 24 C.F.R. § 982.555(e)(3), the hearing may be conducted by any person designated by the PHA, other than the person who made the decision under review or a subordinate of that person.[1]

On June 16, 2010, the HABC notified Montgomery that it intended to terminate her participation in the Program effective July 17, 2010.  Termination Letter 1.  It specified the reasons for the termination--her damaging several rental properties--and advised her of her right to an informal hearing on the termination decision.  Id. at 2.

---

[1] The Plan states that the "[t]he informal hearing shall be conducted by an employee Hearing Officer appointed by the HABC who is neither the person who made or approved the decision, nor a subordinate of that person."  Plan, Ch. 18.

3

Montgomery retained counsel, who, on June 29, 2010, sent a discovery request to HABC counsel Jon Offley, Esquire. Mot. for TRO, Ex. 3. Montgomery's counsel advised that she intended to bring a court reporter to the hearing "to preserve the record for appeal." *Id*. On July 8, 2010, Offley responded that although HABC would provide the discovery, "[it] does not allow recordings of termination hearings. Therefore, [Montgomery's] request to bring a Court reporter to record [the hearing] would not be permitted." *Id*., Ex. 6.

On July 16, 2010, Montgomery sued the Defendants for declaratory and injunctive relief and sought a temporary restraining order requiring the HABC to permit the hearing to be recorded. Paper Nos. 1 and 2. The Defendants were served with the Complaint and TRO, and have filed an opposition.[2] Paper No. 3.

II. Analysis

A. Standard of Review

The standard for granting a TRO under Fed. R. Civ. P. 65(b) is the same as for granting a preliminary injunction. *See, e.g., Sindram v. City of Takoma Park Police*, 2010 U.S. Dist. LEXIS 29354, at *4 (D. Md. Mar. 24, 2010). The moving party must show that: (1) it is likely to succeed on the merits, (2)

---

[2] The Defendants voluntarily postponed the termination hearing pending the Court's decision on the TRO request.

it is likely to suffer irreparable harm absent preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009) (*quoting Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008)).[3] All four factors must be shown, and the movant bears the burden on each. *Id*. at 345-46.

B. Montgomery's Motion

1. Likelihood of Success on the Merits

Montgomery must make a "clear showing that [she] is likely to succeed at trial on the merits." *Id*. at 347.[4] Montgomery asserts two bases for relief: she contends that the Defendants' refusal to permit recording of the hearing violates (1) her due

---

[3] Before *Winter*, the *Blackwelder* "balance-of-hardships test" governed the issuance of preliminary injunctions in the Fourth Circuit. *Real Truth*, 575 F.3d at 346. *Real Truth* changed the standard by (1) requiring a clear showing that the plaintiff is likely to succeed on the merits at trial and is likely to suffer irreparable harm absent preliminary relief, (2) instructing the Court to pay "particular regard for the public consequences," and (3) requiring the presence of all four factors of the *Winter* test. *Id*. at 346-47. The *Blackwelder* balancing approach, to which both parties refer, "may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit." *Id*. at 347.

[4] This requirement "is far stricter than the *Blackwelder* requirement that the plaintiff demonstrate only a grave or serious question for litigation." *Id*. at 346-47.

process rights under the Fourteenth Amendment and (2) her right to free speech under the First Amendment.

    a. Due Process Claim

Montgomery argues that the Defendants' refusal to permit recording of the hearing violates due process by interfering with her ability to preserve a record for appeal. Termination of Section 8 assistance is a deprivation of a property interest; thus, the person losing the benefit must be accorded due process by the terminating agency.[5] Montgomery argues that without a record of the termination hearing, she will be unable to adequately challenge an adverse decision by the HABC in federal or state court.

In *Caulder v. Durham Housing Authority*, 433 F.2d 998 (4th Cir. 1970), the Fourth Circuit stated the due process requirements for the termination of benefits by a housing authority: "(1) timely and adequate notice detailing the reasons

---

[5] *See Ritter v. Cecil County Office of Hous. & Comm. Dev.*, 33 F.3d 323 (4th Cir. 1994). Further, an aggrieved recipient may challenge a housing authority's decision in federal court on due process grounds. *See id.* Montgomery may also challenge a decision through Maryland's "administrative mandamus" process. *See* Md. R. 7-401 *et seq.*; *Reese v. Dep't of Health & Mental Hygiene*, 177 Md. App. 102, 934 A.2d 1009, 1033 n.7 (Md. Ct. Spec. Apps. 2007). An "administrative mandamus" action "serves as a substitute for an action for judicial review under Md. Rule 7-201 *et seq.* when neither statute nor local creates a right of judicial review of a quasi-judicial order or action of an administrative agency." *Reese*, 934 A.2d at 1033 n.7. The parties agree that state court review would be by administrative mandamus.

for a proposed termination, (2) an opportunity on the part of the tenant to confront and cross-examine each witness relied on by the housing authority, (3) the right of the tenant to be represented by counsel, (4) a decision, based solely on evidence adduced at the hearing, in which the reasons for the decision are set forth, and (5) an impartial decisionmaker," *id*. at 1003-04 (citing *Goldberg v. Kelly*, 397 U.S. 254, 266-71 (1970)).[6]

Montgomery has not alleged or shown that the HABC's hearing procedure lacks these protections. Montgomery merely asks the Court to expand these protections to provide her the right to record the hearing. She has cited--and the Court has found--no authority that the Due Process Clause requires a recorded hearing for a potential appeal. Montgomery has not made a "clear showing that [she] is likely to succeed at trial on the merits," *Real Truth*, 575 F.3d at 447, on her due process claim.

  b. First Amendment Claim

Montgomery's First Amendment argument is similarly unavailing. Citing cases ranging from *Stanley v. Georgia*, 394 U.S. 557, 564 (1969) (protecting right to possess obscene materials in one's home) to *Texas v. Johnson*, 491 U.S. 397, 404 (1989) (protecting the right to burn the American flag), Montgomery argues that the Defendants' prohibition against

---

[6] *See also Clark v. Alexander*, 85 F.3d 146 (4th Cir. 1996) (applying *Caulder* test in Section 8 termination case).

recording is an unlawful prior restraint and a frustration of the public's access to court proceedings.[7]

The restriction in the HABC hearing does not prohibit note-taking or otherwise interfere with the public's right of access to the hearing. Although the record of the hearing may not be verbatim, Montgomery cites--and the Court has found--no authority that the First Amendment requires that. Montgomery has thus also failed to make a "clear showing that [she] is likely to succeed at trial on the merits" on her First Amendment claim. *Real Truth*, 575 F.3d at 347.

III. Conclusion

As Montgomery has not shown a likelihood of success on the merits on her claims, her motion for a temporary restraining order will be denied.

July 23, 2010 /s/
Date William D. Quarles, Jr.
United States District Judge

---

[7] Montgomery also relies on *Goldschmidt v. Coco*, 413 F. Supp. 2d 949 (N.D. Ill. 2006), in which the court addressed the First Amendment implications of a judge's order prohibiting observers from taking notes while court was in session, *see id*. at 952. The court found that the prohibition violated the First Amendment right of public access to judicial proceedings. *Id*. at 952-53.